Herman v 36 Gramercy Park Realty Assoc., LLC (2018 NY Slip Op 06473)





Herman v 36 Gramercy Park Realty Assoc., LLC


2018 NY Slip Op 06473


Decided on October 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018

Manzanet-Daniels, J.P., Tom, Webber, Oing, JJ.


652700/12 7182A 654067/12 7182

[*1] Rosemarie A. Herman, etc., et al., Plaintiffs-Appellants,
v
36 Gramercy Park Realty Associates, LLC, et al., Defendants-Respondents, ABC Company #1, etc., et al., Defendants.
36 Gramercy Park Realty Associates, LLC, et al., Plaintiffs-Respondents,
v
Rosemarie A. Herman, etc., Defendant-Appellant.


Jaspan Schlesinger LLP, Garden City (Steven Schlesinger of counsel), for appellants.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (Kathleen M. Sullivan of counsel), for respondents.



Judgments, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 1, 2018, which, insofar appealed from as limited by the briefs, granted judgment against plaintiffs in index no. 652700/12 and defendant in index no. 654067/12 (Rosemarie) in favor of defendants in index no. 652700/12 and plaintiffs in index no. 654067/12 (the Mann Parties) on Rosemarie's quiet title claim, unanimously affirmed, without costs.
Even if Rosemarie's quiet title claim is not barred by election of remedies or collateral estoppel, it is barred by judicial estoppel. That doctrine "prevents a party who assumed a certain position in a prior proceeding and secured a ruling in his or her favor from advancing a contrary position in another action, simply because his or her interests have changed" (Becerril v City of N.Y. Dept. of Health & Mental Hygiene, 110 AD3d 517, 519 [1st Dept 2013], lv denied 23 NY3d 905 [2014]).
In a prior action against her brother, J. Maurice Herman (Maurice), Rosemarie took the position that he had sold her interests in five property-owning limited liability companies — including the LLC that owned the property located at 36 Gramercy Park East — to the Mann Parties in 2002; therefore, she demanded half of his profits from that transaction. The court in that action found that Maurice had sold the LLCs and required him to disgorge half of his profits (see Herman v Herman, 2017 NY Slip Op 31034[U], *6 & 11 [Sup Ct, NY County], affd 162 AD3d 459 [1st Dept 2018]). Thus, Rosemarie secured a ruling in her favor, based on her position that Maurice had sold her interests in the LLCs.
Now, in index no. 652700/12, Rosemarie seeks to quiet title to 36 Gramercy. To quiet title, she must "claim[] an estate or interest in real property" (RPAPL 1501[1]). However, if Rosemarie's interests in the property-owning LLCs were sold in 2002, she can no longer claim an interest in 36 Gramercy.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 2, 2018
CLERK